UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| QUINTINA MARIE THOMAS,<br><br>         Petitioner,<br><br>    vs.<br><br>IMPERIAL INDUSTRIAL SUPPLY COMPANY, ETC, ET AL.,<br><br>         Respondents. | CIV. NO. 20-00282 LEK-RT |

**ORDER GRANTING RESPONDENTS' MOTION TO DISMISS, OR ALTERNATIVELY TO STAY, THE PETITION TO CONFIRM ARBITRATION AWARD AND TO ENTER JUDGMENT, FILED JUNE 12, 2020; REQUEST FOR JUDICIAL NOTICE OF CERTAIN ORDERS**

On June 12, 2020, pro se Petitioner Quintina Marie Thomas ("Thomas") filed a Petition to Confirm Arbitration Award and to Enter Judgment ("Petition"). [Dkt. no. 1.] On July 2, 2020, Specially Appearing Respondents Imperial Industrial Supply Company, doing business as Duramax Power Equipment and/or Maxtool and/or Factory Authorized Outlets; Steven L. Feldman; Robert Raskin; and Anthony Bustos (collectively "Respondents") filed a motion to dismiss the Petition or, in the alternative to stay the case ("Motion"). [Dkt. no. 6.] Thomas has not filed a response to the Motion. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). On September 11,

2020, an entering order was issued informing the parties of the Court's ruling on the Motion.  [Dkt. no. 11.]  This Order supersedes that entering order.  Respondents' Motion is hereby granted for the reasons set forth below.

## BACKGROUND

The Petition seeks confirmation of a Final Arbitration Award ("Award") issued in in Laurel Mississippi by Sitcomm Arbitration Association ("Sitcomm") on June 15, 2019. [Petition, Exh. 1 (Award).]  The arbitration proceedings between Thomas and Respondents was purportedly presided over by Mark Moffett ("Moffett") as "Arbitrator" and Sandra Goulette ("Goulette") as "Committee Member."  [Id. at 1.]  The arbitration proceedings were initiated with a dispute resolution complaint submitted on January 8, 2019.  [Id. at 3, ¶ 3.] According to the Award, an arbitration hearing was held on June 16, 2019.  [Id. at 15, ¶ 48.c.]  The Arbitrator awarded $1,500,000.00 to Thomas, including treble damages and punitive damages.  [Id. at 16, ¶ 48.m.]

Prior to the submission of the dispute resolution complaint, Thomas sent Respondents a document, dated December 16, 2018, and titled "Conditional Acceptance for the Value/For Proof of Claim Agreement" ("Conditional Acceptance"). [Petition, Exh. A (Conditional Acceptance).]  Thomas stated she accepted an unspecified offer by Respondents, and she demanded

2

that Respondents provide a proof of claim. She asserted the "failure to provide proof of claim or to deny refund payment shall constitute a breach of this binding self-executing irrevocable contractual agreement coupled with interest and subject the breaching party to fines, penalties, fees and other assessments." [Id. at 1.] Thomas's claims in the arbitration arose from a portable gas generator that she purchased. She alleged it was defective and caused fire damage, resulting in substantial losses. [Id. at 2, ¶ 1.1.] The Arbitrator referred to the Conditional Acceptance as "a written, Self-executing [sic], binding, irrevocable, contractual agreement coupled with interests, for the complete resolution of their misconvictions and other conflicts respecting their previous relationship." [Petition, Exh. 1 (Award) at 5, ¶ 18.]

In the instant Motion, Respondents state Thomas also sent them a "Notice of Fault and Opportunity to Cure and Contest Acceptance" ("Notice of Fault"). [Mem. in Supp. of Motion at 2; Motion, Decl. of Sarah K.Z. Campbell ("Campbell Decl."), Exh. 2 (Notice of Fault).] Respondents argue the Notice of Fault and the Conditional Acceptance were "nonsensically worded" documents that were part of a sham arbitration agreement, which was never signed by the parties but was "concocted by Sitcomm." [Mem. in Supp. of Motion at 2.] Respondents state their counsel objected to the arbitration in writing, but their objections were

3

ignored, and the Award was issued without a noticed arbitration hearing. [Id.]

## I. Mississippi Action

On September 6, 2019, Respondents filed a Complaint for Declaratory Judgment, to Vacate Arbitration Award, and for Injunctive Relief ("Mississippi Complaint") in the United States District Court for the Southern District of Mississippi, Eastern Division ("Mississippi District Court"). [Motion, Decl. of Steven L. Feldman ("Feldman Decl."), Exh. 3 (Mississippi Complaint);[1] see also Petition, Exh. A (Conditional Acceptance), Exh. F (Award).] On January 8, 2020, the district court issued an order granting the motion to vacate the Award ("Mississippi Order"), finding that there was no valid arbitration agreement between the parties and concluding that Sitcomm did not have any authority to issue the Award. [Campbell Decl., Exh. 5 (motion to vacate), Exh. 17 (Mississippi Order).] Thomas appealed the Mississippi Action to the Fifth Circuit, and the appeal was pending at the time the Motion was filed. [Mem. in Supp. of Motion at 3.] The Fifth Circuit subsequently issued an opinion affirming the judgment in the Mississippi Action. Imperial Indus. Supply Co. v. Thomas, No. 20-60121, 2020 WL 5249574 (5th

---

[1] The case arising from the Mississippi Complaint is Imperial Industry Supply Co., et al. v. Thomas, et al., Cause No. 2:19-cv-129-KS-MTP ("Mississippi Action").

4

Cir. Sept. 2, 2020) (per curiam).  According to the Fifth Circuit's docket, the mandate was issued on September 24, 2020.  The time for Thomas to seek a writ of certiorari from the United States Supreme Court has not yet passed.  See 28 U.S.C. § 2101.

## II.   Thomas's First Hawai`i Action

While the Mississippi Action was pending, Thomas initiated an action against Respondents in this district court in which she also sought confirmation of the Award.  [Thomas v. Imperial Indus. Supply Co., et al., CV 19-00540 JMS-WRP ("CV 19-540"), Aff. of Truth Petition to Confirm Arbitration Award and to Enter Judgment, filed 10/4/19 (dkt. no. 1).]  The magistrate judge issued deficiency notices on December 30, 2019 and January 10, 2020 because of Thomas's failure to serve the Petition on Respondents.  [CV 19-540, dkt. nos. 7, 9.]  On March 3, 2020, the magistrate judge issued his Findings and Recommendation to Dismiss this Action Without Prejudice, based on the failure to complete service, and the district court adopted the findings and recommendation in an April 10, 2020 order ("CV 19-540 Order").  [CV 19-540, dkt. nos. 11, 12.]  The final judgment was issued on the same day as the order.  [CV 19-540, dkt. no. 13.]  Thomas did not appeal from the judgment in CV 19-540.

**III. Arguments in the Motion**

Respondents argue the Petition in the instant case must be dismissed because: 1) Thomas did not complete proper service of the Petition on Respondents; and 2) this Court lacks subject matter jurisdiction over this action, or should decline to exercise jurisdiction, because the Award was vacated in the Mississippi Action.[2]  In the alternative, Respondents argue this case should be stayed, pending the resolution of the appeal from the Mississippi Action.

## DISCUSSION

**I.   Judicial Notice**

Respondents ask this Court to take judicial notice of the Mississippi Order and the CV 19-540 Order.  [Motion at 3 n.2.]  A court may take judicial notice of "a fact that is not subject to reasonable dispute because it" is "generally known" or it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(1)-(2).  "Accordingly, a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment.  But a court

---

[2] Respondents also argue the Fifth Circuit is currently exercising jurisdiction over the appeal in the Mississippi Action, which addresses the same claims and issues as the instant case.  However, that is no longer the case because the Fifth Circuit issued its opinion and mandate since the filing of the Motion.

6

cannot take judicial notice of disputed facts contained in such public records." Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999 (9th Cir. 2018) (brackets, internal quotation marks, and citations omitted).

Respondents submitted copies of the Mississippi Order and the CV 19-540 Order with the Motion. [Campbell Decl., Exh. 4 (CV 19-540 Order), Exh. 17 (Mississippi Order).] Thomas has not disputed the authenticity of these exhibits, and this Court has also confirmed their authenticity through this district court's and the Mississippi District Court's respective electronic case filing systems. Respondents' request for judicial notice of the Mississippi Order and the CV 19-540 Order is therefore granted. Accord Strojnik v. Host Hotels & Resorts, Inc., CIV. NO. 19-00136 JMS-RT, 2020 WL 2736975, at *2 & n.3 (D. Hawai`i May 26, 2020) (granting request for judicial notice of district court dismissal orders where there was no reasonable dispute as to the authenticity of orders). This Court also takes judicial notice of the appellate proceedings following the Mississippi Action because there is no reasonable dispute as to the records of the Fifth Circuit. See Fed. R. Evid. 201(c)(1) (stating a court "may take judicial notice on its own").

## II. First-to-File Rule

As to the merits of the Motion, the Court turns first to Respondents' argument that it should decline to exercise jurisdiction over this case under the first-to-file rule.

> [T]he first-to-file rule[ is] a judicially created "doctrine of federal comity," Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94–95 (9th Cir. 1982), which applies when two cases involving "substantially similar issues and parties" have been filed in different districts, Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc., 787 F.3d 1237, 1239 (9th Cir. 2015). Under that rule, "the second district court has discretion to transfer, stay, or dismiss the second case in the interest of efficiency and judicial economy." Cedars–Sinai Med. Ctr. v. Shalala, 125 F.3d 765, 769 (9th Cir. 1997).

In re Bozic, 888 F.3d 1048, 1051–52 (9th Cir. 2018). When determining whether the first-to-file rule applies, "a court analyzes three factors: chronology of the lawsuits, similarity of the parties, and similarity of the issues." Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc., 787 F.3d 1237, 1240 (9th Cir. 2015).

The first factor supports the application of the first-to-file rule because Respondents filed the Mississippi Action before Thomas filed either CV 19-540 or the instant case. As to the second factor, Thomas and Respondents were all parties to the Mississippi Action, although Sitcomm, Moffett, and Goulette - who are not parties to the instant case - were Thomas's co-defendants in the Mississippi Action. See generally

8

Feldman Decl., Exh. 3 (Mississippi Complaint). The fact that the two actions do not involve identical parties does not preclude application of the first-to-file rule because "only substantial similarity of parties" is required. See Kohn Law Grp., 787 F.3d at 1240. This Court concludes that the parties in the instant case are sufficiently similar to the parties in the Mississippi Action for the first-to-file rule to apply.

Finally, the Mississippi Action addressed similar issues to those presented in the instant case. Although, in the instant case, Thomas seeks confirmation of the Award pursuant to 9 U.S.C. § 9, and the Mississippi Action sought to have the Award vacated pursuant to 9 U.S.C. § 10(a), both cases involve the same threshold issue - whether there was a binding arbitration agreement between the parties. See 9 U.S.C. § 9 ("If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . . ."), § 10(a) ("In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration . . . (4) where the arbitrators exceeded their powers . . . ."). Thus, all of the factors in the first-to-file analysis support the application of the rule in the instant case.

The satisfaction of the three factors does not end the inquiry.  The first-to-file rule is not to be applied in a rigid, mechanical manner; "'[w]ise judicial administration, . . . conservation of judicial resources and comprehensive disposition of litigation'" must be considered. Alltrade, Inc. v. Uniweld Prod., Inc., 946 F.2d 622, 627-28 (9th Cir. 1991) (some alterations in Alltrade) (quoting Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 183, 72 S. Ct. 219, 221, 96 L. Ed. 200 (1952)).  Thus, exceptions to the first-to-file rule have been applied in cases involving circumstances such as:

> bad faith, see Crosley Corp. v. Westinghouse Elec. & Mfg. Co., 130 F.2d 474, 476 (3d Cir.), *cert. denied*, 317 U.S. 681, 63 S. Ct. 202, 87 L. Ed. 546 (1942); anticipatory suit, and forum shopping, see Mission Ins. Co. v. Puritan Fashions Corp., 706 F.2d 599, 602 n.3 (5th Cir. 1983) ("Anticipatory suits are disfavored because they are aspects of forum-shopping"); Factors, Etc., Inc. v. Pro Arts, Inc., 579 F.2d 215, 217, 219 (2d Cir. 1978), *cert. denied*, 440 U.S. 908, 99 S. Ct. 1215, 59 L. Ed. 2d 455 (1979);[3] Mattel, Inc. v. Louis Marx & Co., 353 F.2d 421, 424 n.4 (2d Cir.), *cert. dismissed*, 384 U.S. 948, 86 S. Ct. 1475, 16 L. Ed. 2d 546 (1965).

Id. at 628.  Because there are no circumstances such as these present in this case, there are no "fairness considerations nor equitable concerns [that] bar the application of the [first-to-

---

[3] Factors Etc. was abrogated on other grounds by Pirone v. MacMillan, Inc., 894 F.2d 579, 585-86 (2d Cir. 1990).

file] rule to the instant case." See id. This Court therefore declines to exercise jurisdiction over the instant case, based on the first-to-file rule.

The only remaining question is whether the instant case should be transferred, stayed, or dismissed. See Bozic, 888 F.3d at 1052. In Alltrade, the Ninth Circuit held that, although the district court did not abuse its discretion in applying the first-to-file rule, the decision to dismiss the case outright was an abuse of discretion because there were doubts regarding merits of the first-filed case. 946 F.2d at 628-29; see also id. at 629 ("where the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed" (citations omitted)). No similar concerns are present in the instant case. The Mississippi Action has proceeded to judgment, and the judgment has been affirmed on appeal. In light of the advanced stage of the proceedings in the Mississippi Action, this Court concludes that dismissal of the instant case is warranted.

Respondents' Motion is therefore granted because this Court declines to exercise jurisdiction over the case, based on the first-to-file rule. In light of this Court's ruling, it is not necessary to address Respondents' remaining arguments. Thomas's Petition is dismissed, and the dismissal must be with prejudice because it is absolutely clear that Thomas cannot

11

amend the Petition to cure the defects. See Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) ("Unless it is absolutely clear that no amendment can cure the defect, however, a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." (citations omitted)).

## CONCLUSION

For the foregoing reasons, Respondents' "Motion to Dismiss, or Alternatively to Stay, the Petition to Confirm Arbitration Award and to Enter Judgment, Filed June 12, 2020; Request for Judicial Notice of Certain Order," filed July 2, 2020, is HEREBY GRANTED, and Thomas's June 12, 2020 Petition to Confirm Arbitration Award and to Enter Judgment is DISMISSED WITH PREJUDICE.

The Clerk's Office is DIRECTED to enter judgment and close this case on **November 12, 2020**, unless a timely motion for reconsideration of the instant Order is filed.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 27, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

QUINTINA MARIE THOMAS VS. IMPERIAL INDUSTRIAL SUPPLY COMPANY, ETC., ET AL; CV 20-00282 LEK-RT; ORDER GRANTING RESPONDENTS' MOTION TO DISMISS, OR ALTERNATIVELY TO STAY, THE PETITION TO CONFIRM ARBITRATION AWARD AND TO ENTER JUDGMENT, FILED JUNE 12, 2020; REQUEST FOR JUDICIAL NOTICE OF CERTAIN ORDERS